# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3240-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN PECORENO,

    Defendant-Appellant.

_____

Submitted June 4, 2019 – Decided July 31, 2019

Before Judges Yannotti and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 04-06-1147.

John Pecoreno, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Deputy Executive Assistant Prosecutor, of counsel; Roberta DiBiase, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

Defendant John Pecoreno appeals from the Law Division's December 15, 2017 order denying his motion to correct an illegal sentence based upon the amendment of his 2005 judgment of conviction (JOC) six weeks after its entry to reflect imposition of Parole Supervision for Life (PSL). L. 2003, c. 267, eff. Jan. 14, 2004, rather than Community Supervision for Life (CSL), N.J.S.A. 2C:43-6.4. The sentencing court amended the JOC because the PSL statute became effective in 2004 and replaced CSL prior to the date defendant committed the crime to which he pled guilty. In 2016, defendant unsuccessfully moved to correct his sentence on the grounds that it was illegal. On appeal, defendant argues that the amendment to his JOC violated his constitutional rights and that he did not knowingly or intelligently accept his plea because it subjected him to CSL, not PSL. For the reasons that follow, we affirm.

On January 18, 2004, defendant was arrested and later charged in an indictment with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); second-degree sexual assault, N.J.S.A. 2C:14-2(b); and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). He pled guilty in January 2005 to the first-degree aggravated sexual assault charge and two unrelated third-degree conspiracy to commit burglary charges pursuant to a plea agreement. The plea forms that defendant signed were issued by the

Administrative Office of the Courts with an effective date of November 6, 2003 and only contained references to CSL.

During the plea hearing, the judge asked defendant if he understood that in addition to a term of imprisonment, he would "be subject to community supervision or parole supervision for the rest of [his] life" to which defendant responded affirmatively. Defendant also confirmed his understanding that if he "violate[d] those conditions of parole for life . . . . [, he] could be found guilty of a fourth-degree crime . . . for which [he] could be sent back to prison for a maximum of eighteen months . . . ." The judge accepted the plea, finding that defendant "fully underst[ood] the parameters of the plea bargain."

Defendant was sentenced on April 22, 2005 to an aggregate seven-year term of imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2 as well as to CSL. In June 2005, as already noted, defendant's JOC was amended to reflect that he was being placed on PSL instead of CSL.

Defendant appealed his sentences as excessive. We affirmed as to the sexual assault charge but remanded on the two conspiracy charges. State v. Pecoreno, No. A-0728-06 (App. Div. July 30, 2007).[1]

---

[1] The remand related to the other two charges to which defendant pled guilty. He waived the issues we raised as to his sentences on those offenses.

A-3240-17T4

In 2008, defendant unsuccessfully pursued a pro se petition for post-conviction relief (PCR) in which he asserted that counsel failed to explain certain sentencing factors and inform him that he would be subject to CSL. State v. Pecoreno, No. A-3578-08 (App. Div. May 24, 2010) (slip op. at 2-3). In our unpublished decision, we noted that with regard to the latter claim, the PCR court determined that counsel did not misinform or mislead defendant about lifetime community supervision as defendant acknowledged that he reviewed the relevant documentation and indicated that he understood the consequences of his plea. Id. (slip op. at 4). He appealed the denial of relief, arguing only that counsel failed to investigate his assertion that imprisonment would entail excessive hardship and that he was denied an evidentiary hearing. Id. (slip op. at 4-5). In 2010, we affirmed the PCR court's decision. Id. (slip op. at 6-8).

We observed in a subsequent unpublished decision that after defendant completed his custodial sentence in 2009, he was found guilty of using cocaine in violation of his PSL conditions. State v. Pecoreno, No. A-2106-11 (App. Div. Apr. 24, 2014) (slip op. at 2). He was subject to continued parole and was required to complete a rehabilitation program. Id. (slip op. at 2-3). Defendant reviewed and accepted the new conditions in November 2010, but later violated his parole by failing to complete the program. Id. (slip op. at 3). In October

2011, a two-member panel of the New Jersey State Parole Board (Parole Board) reviewed the matter and revoked defendant's parole, establishing a twelve-month future eligibility term. Id. (slip op. at 1, 4). Defendant appealed, arguing that circumstances beyond his control caused his parole to be revoked. Id. (slip op. at 2, 5). We affirmed the Parole Board, finding that the record demonstrated defendant's serious violations of his parole conditions and justified revoking parole. Id. (slip op. at 7-8).

In 2012, defendant filed several PCR petitions, which were all denied.[2] Defendant filed his Motion to Correct an Illegal Sentence in September 2016 in which he argued that the PSL sentence was illegal and, because it was imposed by the Parole Board and not the court, it violated his constitutional rights as well as the separation-of-powers doctrine of the New Jersey Constitution.

Judge Wendel Daniels denied defendant's motion on December 15, 2017.[3] In a written decision, the judge concluded that defendant's arguments that the PSL statute was unconstitutional and his sentence was illegal were meritless.

---

[2] We have not been provided with these petitions.

[3] We were not provided with a copy of this motion. Defendant also filed another PCR petition to correct an illegal sentence and plea bargain. It was denied on December 7, 2017 by a different judge. We were also not provided with any documents relating to that motion or the court's decision.

A-3240-17T4

He explained that the Parole Board was expressly authorized under the statute to supervise individuals serving special PSL sentences and ensure compliance with all requirements and conditions. Citing to our opinion in State v. Bond, 365 N.J. Super. 430, 442-43 (App. Div. 2003), Judge Daniels concluded that the constitutionality of the CSL statute "equally applies to the PSL statute."

In April 2018, defendant again requested to be heard on a motion to correct an illegal sentence. Judge Daniels denied the request and explained that he previously entered a written decision and order on the matter. Defendant sent another request a few weeks later. Judge Daniels denied the request "with regard to any constitutional issues regarding [defendant's] sentence, as well as [the] amended JOC," explaining that the motion was addressed by both him and a different judge, who specifically addressed the amended JOC. This appeal followed.

Defendant presents the following issues for our consideration in his appeal:

> POINT I
>
> [DEFENDANT] WAS PLACED ON PAROLE SUPERVISION FOR LIFE ("P.S.L.") N.J.S.A. 2C:43-6.4 WITH N.J.A.C. 10A:71-6.12 PROVISIONS ILLEGALLY.

POINT II

THE DEFENDANT'S PLEA AGREEMENT WITH THE STATE IN THE INSTANT MATTER IS ILLEGAL AS IT WAS NOT KNOWING, VOLUNTARY, OR INTELLIGENT", THEREFORE, THE SENTENCE IS ILLEGAL AND MUST BE VACATED.

In support of his arguments, defendant asserts that he was never informed of the difference between CSL and PSL and amending the JOC violated his equal protection and double jeopardy rights. He contends that it was not his "duty" to be aware of the statutory amendments. Defendant also argues that he did not accept his plea knowingly or intelligently because he only expected the imposition of CSL.

We review the constitutionality of a defendant's sentence de novo. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). Based on our review, we are not persuaded by either of defendant's arguments and affirm substantially for the reasons expressed by Judge Daniels in his written decision. We add only the following comments.

Prior to 2004, N.J.S.A. 2C:43-6.4 provided for CSL as a "special sentence" that was "designed to protect the public from recidivism by sexual offenders." State v. Perez, 220 N.J. 423, 436-37 (2015) (first quoting N.J.S.A. 2C:43-6.4(a); then citing J.B. v. N.J. State Parole Bd., 443 N.J. Super. 327, 336

(App. Div. 2013)).  Originally, an individual subject to CSL was "supervised as if on parole" and any violation would be punishable as a fourth-degree crime. Id. at 441 (first quoting N.J.S.A. 2C:43-6.4(b); then citing Sanchez v. N.J. State Parole Bd., 368 N.J. Super. 181, 184 (App. Div. 2004)).  The statute's 2003 amendment became effective January 14, 2004 and replaced all references to CSL with those to PSL as well as made "substantial change[s] to the CSL post-sentence supervisory scheme." Id. at 437, 440.  Per those changes, PSL places an individual "'in the legal custody of the Commissioner of Corrections [and] shall be supervised by the Division of Parole of the State Parole Board' for life." Id. at 441 (alteration in original) (quoting N.J.S.A. 2C:43-6.4).  A PSL violation "may be prosecuted as a fourth-degree offense, N.J.S.A. 2C:43-6.4(d), but it may also be treated as a parole violation, N.J.S.A. 2C:43-6.4(b)." Ibid.  The Parole Board may revoke an offender's parole and send him or her to prison without criminal prosecution. Ibid.

"In 2015, th[e] Court concluded in Perez that the 2003 Amendment to N.J.S.A. 2C:43-6.4, which substituted PSL for defendants already on CSL, violated the Ex Post Facto Clauses of our Federal and State Constitutions because the conversion enhanced the penal exposure of those convicted of

crimes when CSL was the applicable law." State v. Hester, 233 N.J. 381, 388 (2018) (emphasis added).[4]

With these guiding principles in mind, we turn to defendant's contention that amending his JOC to reflect PSL rather than CSL constituted an illegal sentence. "Illegal sentences are '(1) those that exceed the penalties authorized by statute for a particular offense and (2) those that are not in accordance with the law, or stated differently, those that include a disposition that is not authorized by our criminal code.'" State v. Thomas, ___ N.J. Super. ___, ___ (App. Div. 2019) (slip op. at 7-8) (quoting State v. Schubert, 212 N.J. 295, 308 (2012)). A court may correct an illegal sentence "'at any time before it is completed.'" Schubert, 212 N.J. at 309 (quoting State v. Murray, 162 N.J. 240, 247 (2000); see also R. 3:21-10(b) ("an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice").

Here, defendant's challenge to the amendment of his JOC is without merit. Defendant's sentence to CSL was illegal because the CSL statute had been

---

[4] "In 2014, the Legislature again amended N.J.S.A. 2C:43-6.4. L. 2013, c. 214, § 4. That Amendment provides that a defendant on CSL who violates the terms of his supervised release may be prosecuted for committing a third-degree crime . . . ." Id. at 388-89.

amended effective on a date prior to the date that defendant committed the crime to which he pled guilty. Once the sentencing court recognized the error, its amendment to the JOC, six weeks after the entry of the original judgment, corrected that error long before defendant began serving a term on PSL.

We are not persuaded by defendant's reliance on the Supreme Court's opinion in Schubert. In Schubert, the defendant was indicted in 1996 for various crimes, including second-degree sexual assault. 212 N.J. at 299. In 2000, he pled guilty and acknowledged that he would be subject to "a special sentence of [CSL]." Id. at 299, 302. However, his JOC failed to indicate the imposition of CSL. Id. at 301. Years later, after the defendant completed his custodial term and in response to a Parole Board request, the trial court entered an amended JOC in April 2008, which explicitly imposed CSL. Id. at 300-01.

The defendant filed for PCR, arguing that the sentencing court did not have jurisdiction to amend the JOC and by doing so, violated his double jeopardy rights. Id. at 302. The sentencing court denied the petition, finding that it had jurisdiction since the original sentence was illegal and because defendant acknowledged, through signing the plea forms, the consequences of pleading guilty, including the imposition of CSL. Ibid. On appeal, we reversed, concluding that the amendment violated the defendant's double jeopardy rights.

Id. at 303. The Supreme Court agreed, stating that CSL "is punitive rather than remedial at its core," id. at 308, and finding that the initial sentence was illegal as it failed to impose mandatory CSL. Id. at 308-09. It explained that amending the JOC after the original sentence was completed violated defendant's double jeopardy rights. Id. at 316. Accordingly, the Court affirmed our ruling and remanded for reentry of the 2000 JOC. Ibid.

Defendant argues the same applies here. We disagree. Unlike the defendant in Schubert, defendant's double jeopardy rights here have not been violated as the conditions of his post-confinement conduct were not altered after his release, but rather within weeks of the entry of his JOC. Moreover, his JOC contained the imposition of CSL and only several weeks into his sentence, it was amended to correct a clerical error, as there was never a dispute that defendant was subject to the 2003 amendment at the time he committed his crime, pled guilty, and was sentenced.

As to defendant's claim that he did not knowingly plead guilty in 2005 because of counsel's failure to properly advise him about PSL, we find his contentions to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We only observe that his arguments were not raised before Judge Daniels and we "will decline to consider questions or issues not

11

properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). And, to the extent we would be inclined to consider them, and they are not barred by prior determinations on PCR or appeal, see Rule 3:22-5 (addressing prior adjudication of claims), his assertions fail to meet the criteria of Rule 3:22-4(b) governing second and subsequent petitions for PCR.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3240-17T4